1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11

12  LORRAINE F. GAINES,

13                      Plaintiff,          CIV. S-03-2175 DFL PAN PS

14            v.

15  JAMES G. ROCHE, SECRETARY,          FINDINGS AND RECOMMENDATIONS
    DEPARTMENT OF THE AIR FORCE,
16

17                      Defendant.

18                                —o○o—

19      Plaintiff seeks a copy of this court's December 22, 2004,

20  order and additional time within which to serve process upon

21  defendant.

22      Plaintiff's request is frivolous and should be denied.

23  Plaintiff has repeatedly delayed consideration of his claims.

24  On October 16, 2003, plaintiff tendered the filing fee by her

25  personal check and filed her complaint; she was informed by the

26  court to complete service of process upon defendant within 120

1  days, or by February 15, 2004.  Plaintiff's check was returned

2  for insufficient funds; the Clerk of Court informed plaintiff

3  October 29, 2003, that she had ten days to pay the original $150

4  filing fee and a $35 "returned check processing fee."  Plaintiff

5  failed to respond until this court, on May 6, 2004, informed

6  plaintiff that failure to submit payment within eleven days would

7  result in a recommendation her action be dismissed.  On May 17,

8  the Clerk of Court accepted plaintiff's payment of $150.

9      On November 15, 2004, I directed plaintiff to show cause

10 why her action should not be dismissed for failure to serve

11 process upon defendant.  On December 6, plaintiff wrote to the

12 court requesting her deadline be extended because of past medical

13 problems recently resolved.[1]  By order filed December 22, the

14 court found good cause for the previous delay discharged the

15 November 15 order to show cause, and directed plaintiff serve

16 process within 20 days.  On March 7, I reiterated the terms of my

17 December 22 order and directed plaintiff to show cause why this

18 action should not be dismissed for disobedience of the order.[2]

---

[1]  Plaintiff stated in full in her December 2004 letter:

Pursuant to an order filed November 15, 2004, I am requesting to
continue proceedings in my case and extend the time for service
for an appropriate period.  My medical condition had deteriorated
and I was under the care of multiple Physicians' [sic].  The
method of treatment resulted in surgery for removal of the gall
bladder.  I am now capable of continuing this case.

[2]  My March 7, 2005, order stated in full:

On December 22, 2004, plaintiff was granted an additional 20 days
to serve her complaint upon defendants and file proof of such
service.  That time has passed and plaintiff has not shown that

2

1   On March 28, the last day to file a timely response, plaintiff

2   wrote requesting a copy of my December 22 order and additional

3   time within which to serve process.

4        For the reasons set forth below, I recommend denial of

5   plaintiff's requests and dismissal of this action.

6        Fed. R. Civ. P. 4(m) provides, "If service of the summons

7   and complaint is not made upon a defendant within 120 days after

8   the filing of the complaint, the court, upon motion or on its own

9   initiative after notice to the plaintiff, shall dismiss the

10  action without prejudice as to that defendant or direct that

11  service be effected within a specific time; provided that if the

12  plaintiff shows good cause for the failure, the court shall

13  extend the time for service for an appropriate period."

14       More than two and one half years have passed since

15  plaintiff commenced this action and still plaintiff has failed to

16  serve process upon the only named defendant.  While this court

17  found good cause for plaintiff's delay November through December

18  2004, plaintiff has failed to provide any explanation for her

19  overall delay.  Given the clarity of this court's November 15,

20  2004, and March 7, 2005, orders, threatening dismissal should

21  plaintiff fail to complete the task of serving process, request

22  for a copy of this court's December 22, 2004, order is but an

23  artifice to garner more time.  Plaintiff has failed to

24  ────────────────────

25       she has served process upon defendant or otherwise responded to
     the court's order.  Within 11 days from service of this order,
     plaintiff shall show cause in writing why this action should not
26   be dismissed.

1  demonstrate good cause.[3]

2       The court recognizes that dismissal is a harsh penalty

3  that should be imposed only in extreme circumstances.  See Ferdik

4  v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining

5  whether to dismiss a case, district courts must weigh five

6  factors: "(1) the public interest in expeditious resolution of

7  litigation; (2) the court's need to manage its docket; (3) the

8  risk of prejudice to the defendants; (4) the public policy

9  favoring disposition of cases on their merits; and (5) the

10 availability of less drastic sanctions." Malone v. U. S. Postal

11 Service, 833 F.2d 128, 130 (9th Cir. 1987).  Dismissal is

12 appropriate when at least four factors support dismissal or where

13 at least three factors "strongly" support dismissal.  Hernandez

14 v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

15      The first and second Malone factors–public interest in

16 the expeditious resolution of litigation and the court's need to

17 manage its docket–weigh strongly in favor of dismissal.

18 Dismissal is also strongly warranted under the third Malone

19 factor, risk of prejudice to the defendant.  See Henderson v.

20

21      [3]  In addition to Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 41(b) allows
   dismissal of an action for "failure of the plaintiff to . . . comply with
22 these rules or any order of court."  The local rules provide that "Any
   individual representing himself or herself without an attorney is bound by the
23 Federal Rules of Civil or Criminal Procedure and by these Local Rules.
   Failure to comply therewith may be ground for dismissal, judgment by default,
24 or any other sanction appropriate under these Rules."  E. D. Cal. L. R. 83-
   183.  See also, E. D. Cal. Local Rule 11-110 ("Failure of . . . a party to
25 comply with these Rules or with any order of the Court may be grounds for
   imposition by the Court of any and all sanctions authorized by statute or Rule
26 or within the inherent power of the court").

1   <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Unreasonable delay

2   creates a presumption of injury to the defense").

3          The fourth and fifth <u>Malone</u> factors–the public policy

4   favoring disposition of cases on their merits and the

5   availability of less drastic sanctions–weigh generally in favor

6   of plaintiff but do not outweigh the factors supporting

7   dismissal.  Accordingly, I recommend plaintiff's action be

8   dismissed without prejudice.  Fed. R. Civ. P. 4(m).

9          These findings and recommendations are submitted to the

10  Honorable David F. Levi, the United States District Judge

11  assigned to this case.  28 U.S.C. § 636(b)(l).  Written

12  objections may be filed within ten days after being served with

13  these findings and recommendations.  The document should be

14  captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  The failure to file objections within the

16  specified time may waive the right to appeal the District Court's

17  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18         Dated:  April 18, 2005.

19
                              /s/ Peter A. Nowinski
20                            PETER A. NOWINSKI
                              Magistrate Judge
21

22

23

24

25

26